**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| GARY D. EPPLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. CIV-15-1357-M |
| | ) |
| BNSF RAILWAY COMPANY, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

Before the Court is the Special Appearance and Motion of Defendant BNSF Railway Company to Dismiss for Lack of Personal Jurisdiction, filed March 25, 2016. On April 20, 2016, plaintiff responded, and on April 22, 2016, defendant replied. Also before the Court is the Special Appearance and Motion of Defendant BNSF Railway Company to Transfer Venue, filed March 25, 2016. On April 15, 2016, plaintiff responded, and on April 22, 2016, defendant replied. Based on the parties' submissions, the Court makes its determination.

I.     Introduction[1]

On December 16, 2015, plaintiff filed his Original Complaint ("Complaint") against defendant, pursuant to the whistleblower provision of the Federal Rail Safety Act, 49 U.S.C. § 20109 ("Whistleblower Claim"). In his Complaint, "plaintiff alleges retaliation in the form of harassment, intimidation, termination of employment, and other discriminatory acts by defendant stemming from plaintiff's report of a dangerous condition on defendant's rail yard located in Purcell, Oklahoma and a report of injury suffered by plaintiff on September 24, 2010." Compl. ¶ 6.

---

[1] The alleged facts set forth are taken from plaintiff's Original Complaint [docket no. 1].

Plaintiff had been employed with defendant since 1974 as a conductor. On September 24, 2010, plaintiff was injured at defendant's rail yard in Purcell, Oklahoma, when he was walking to his locomotive. Plaintiff walked around a mound of debris and stepped onto a wooden culver, slipped and fell twisting his back and injuring his back and right knee. Plaintiff advised the locomotive engineer of his injuries and requested medical care. The locomotive engineer in turn contacted defendant and advised it of plaintiff's injury and his need for medical attention. Initially, defendant refused to allow plaintiff to be transported to a hospital, but later agreed to transport plaintiff to a hospital located in Oklahoma City for medical care. Plaintiff reported the work related injury and working conditions to defendant and the Federal Railroad Administration. On the same day plaintiff's injury occurred, defendant's employees from its Oklahoma City Subdivision, Steve Sergas ("Sergas"), Terminal Manager, and Brian Atkins ("Atkins"), Superintendent of the Oklahoma City Subdivision, investigated plaintiff's accident at the rail yard. On December 6, 2010, defendant held three investigative hearings relating to the events surrounding plaintiff's injury at the rail yard.[2] After the hearings concluded, defendant determined that plaintiff had violated several of its policies and procedures and was terminated. As a result of plaintiff's termination, plaintiff filed an administrative claim under 49 U.S.C. § 20109 with the Occupational Safety and Health Administration's ("OSHA") office in Dallas, Texas. No final decision was issued by OSHA within 210 days of plaintiff filing his claim; therefore, plaintiff filed his Whistleblower Claim in this Court.

Defendant now moves this Court, pursuant to Federal Rule of Civil Procedure 12(b)(2), to dismiss this action for lack of personal jurisdiction. Specifically, defendant contends that the Court lacks both specific and general personal jurisdiction since the facts giving rise to plaintiff's

---

[2] During the first hearing, plaintiff alleges that Sergas and Atkins testified against him.

Whistleblower Claim all occurred in Texas and defendant is not at home in Oklahoma.

Additionally, in the event the Court finds it has personal jurisdiction over defendant, defendant

moves this Court to transfer this action to the Northern District of Texas.

II.       Personal Jurisdiction

When a court's jurisdiction is contested, the plaintiff has the burden of proving that

jurisdiction exists.  *See ASAT Sports Sci., Inc. v. CLF Distrib. Ltd.*, 514 F.3d 1054, 1056 (10th

Cir. 2008).  "Where a district court considers a pre-trial motion to dismiss for lack of personal

jurisdiction without conducting an evidentiary hearing, the plaintiff need only make a prima facie

showing of personal jurisdiction to defeat the motion."  *Id.* at 1056-57.

> In ruling on motions under Rule 12(b)(2), the Court considers the averments of the complaint, and the affidavits and other evidentiary materials submitted by the parties.  The well pled factual averments of the complaint are accepted as true, unless controverted by defendants' evidentiary materials.  Factual disputes arising from the evidentiary materials are resolved in favor of plaintiffs.

*McClelland v. Watling Ladder Co.*, 729 F. Supp. 1316, 1318 (W.D. Okla. 1990) (internal

citations omitted).

> To obtain personal jurisdiction over a nonresident defendant in a diversity action, a plaintiff must show both that jurisdiction is proper under the laws of the forum state and that the exercise of jurisdiction would not offend due process.  Because Oklahoma's long-arm statute permits the exercise of any jurisdiction that is consistent with the United States Constitution, the personal jurisdiction inquiry under Oklahoma law collapses into the single due process inquiry.

*Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir. 2000) (internal

citations omitted).

> The Due Process Clause permits the exercise of personal jurisdiction over a nonresident defendant so long as there exist

> minimum contacts between the defendant and the forum State.
> The "minimum contacts" standard may be met in two ways. First,
> a court may, consistent with due process, assert specific
> jurisdiction over a non-resident defendant if the defendant has
> purposefully directed his activities at residents of the forum, and
> the litigation results from alleged injuries that arise out of or relate
> to those activities. When a plaintiff's cause of action does not
> arise directly from a defendant's forum-related activities, the court
> may nonetheless maintain general personal jurisdiction over the
> defendant based on the defendant's business contacts with the
> forum state.

*Id.* (internal quotations and citations omitted).

Even if a court has found specific jurisdiction over a defendant, it must still consider

whether the exercise of personal jurisdiction over the defendant would "offend traditional

notions of fair play and substantial justice." *Intercon*, 205 F.3d at 1247 (internal quotations and

citation omitted). "This inquiry requires a determination of whether the district court's exercise

of personal jurisdiction over defendant is reasonable in light of the circumstances surrounding

the case." *Id.* In deciding whether the exercise of jurisdiction is reasonable, a court should

consider the following factors:

> (1) the burden on the defendant, (2) the forum state's interest in
> resolving the dispute, (3) the plaintiff's interest in receiving
> convenient and effective relief, (4) the interstate judicial system's
> interest in obtaining the most efficient resolution of controversies,
> and (5) the shared interest of the several states in furthering
> fundamental substantive social policy.

*Id.* at 1249. General jurisdiction arises when a defendant's contacts with the forum state are

"continuous and systematic." *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408,

416 (1984).

Defendant contends the Court lacks personal jurisdiction because the relevant facts in

plaintiff's Complaint that give rise to his Whistleblower Claim all occurred in Texas.

Specifically, defendant asserts that plaintiff filed his administrative claim in Texas, and the investigative hearings which led to plaintiff's termination and plaintiff's actual notice of termination occurred in Texas. Further, defendant contends that plaintiff is a Texas resident and defendant is incorporated in Delaware and its principal place of business is in Texas.  Plaintiff asserts that this Court can exercise personal jurisdiction over defendant because his Whistleblower Claim arises out of his reporting of unsafe work conditions and a work injury to defendant and the Federal Railroad Administration that occurred in Purcell, Oklahoma.

Having carefully reviewed plaintiff's Complaint, as well as the parties' submissions, the Court finds that plaintiff has made a prima facie showing of personal jurisdiction as to defendant. Specifically, in his Complaint, plaintiff alleges the following:

> The Federal Railroad Safety Act, in 49 U.S.C. § 20109(c)(1) and its implementing regulations . . . , states that railroad carrier or person covered under this section may not deny, delay or interfere with the medical or first aid treatment of an employee who is injured during the course of employment. If transportation to a hospital is requested by an employee who is injured during the course of employment, the railroad shall promptly arrange to have the injured employee transported to the nearest hospital where the employee can receive safe and appropriate medical care.

> The Federal Railroad Safety Act, in 49 U.S.C. § 20109(a)(4) states that a railroad engaged in interstate commerce shall not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee if such discrimination is due, in whole or in part, to the employee's lawful, good faith act done to notify, or attempt to notify, the railroad carrier of the Secretary of Transportation of a work-related injury or work-related illness of an employee. The Federal Railroad Safety Act, in 49 U.S.C. § 20109(a)(1) and its implementing regulations . . . , states that a railroad engaged in interstate commerce may not discharge demote, suspend, reprimand, or in any other way discriminate against an employee who provides information to any Federal, State, or local regulatory agency which the employee reasonably believes constitutes a violation of any Federal law, rule, or regulation relating to railroad safety.

> The Federal Railroad Safety Act, in 49 U.S.C. § 20109(b) and its implementing regulations . . . , states that a railroad engaged in interstate commerce shall not discharge, demote, suspend, reprimand, or in any other way discriminate against an employee for reporting, in good faith a hazardous safety or security condition.
>
> BNSF knew that Mr. Epple engaged in the protected activities as defined in 49 U.S.C. § 20109(a)(1), § 20109(a)(4), § 20109(b), and § 20109(c)(1).

Compl. ¶¶ 25-28. The Court finds that based on plaintiff's alleged facts, plaintiff has made an adequate showing that his Whistleblower Claim stems from the injury, and subsequent reporting of the injury and working conditions at defendant's rail yard in Purcell, Oklahoma and, therefore, the Court has jurisdiction over defendant to hear this matter.

Further, considering defendant is the largest railroad carrier in Oklahoma, the events that led to this litigation occurred at defendant's rail yard in Oklahoma, this Court was plaintiff's preference to pursue his Whistleblower Claim in, defendant's employees sent to investigate the circumstances regarding plaintiff's injury at the rail yard are based out of Oklahoma City, and Oklahoma shares an interest in this litigation, just as much as any other forum in which this litigation could have been brought, the Court finds exercising jurisdiction over defendant would not offend traditional notions of fair play and substantial justice.

III.   Motion to Transfer

As a result of the Court finding that it could exercise personal jurisdiction over defendant, defendant also moves this Court to transfer this action to the United States District Court for the Northern District of Texas. Defendant contends that facts relevant to plaintiff's Whistleblower Claim suggest that the Northern District of Texas is a more appropriate forum to litigate plaintiff's Whistleblower Claim. Specifically, defendant asserts that plaintiff's administrative claim with OSHA was filed in Texas; plaintiff resides in Texas and defendant's principle place

of business is in Texas; and the investigative hearings as well as plaintiff's actual termination were in Texas. Plaintiff contends that he filed his Whistleblower Claim in this venue since Sergas and Atkins reside in Oklahoma City and they are who conspired to retaliate against him.

Section 1404(a) provides:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented.

28 U.S.C. § 1404(a).   "The purpose of § 1404(a) is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Jacobs v. Lancaster*, 526 F. Supp. 767, 769 (W.D. Okla. 1981) (citing *Van Dusen v. Barrack*, 376 U.S. 612 (1964); *Cont'l Grain Co. v. Barge FBL-585*, 364 U.S. 19 (1960)).

"The party moving to transfer a case pursuant to § 1404(a) bears the burden of establishing that the existing forum is inconvenient." *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991).   A district court has discretion to adjudicate motions to transfer based upon an "individualized, case-by-case consideration of convenience and fairness." *Id.* at 1516 (internal quotations and citations omitted).   In considering a motion to transfer, a court should weigh the following discretionary factors:

> the plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and [ ] all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Emp'rs Mut. Cas. Co. v. Bartile Roofs, Inc.*, 618 F.3d 1153, 1167 (10th Cir. 2010) (internal citation omitted).

"Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Chicago, Rock Island and Pacific R.R. Co. v. Hugh Breeding, Inc.*, 232 F.2d 584, 587 (10th Cir. 1956) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508 (1957)). However, "[c]ourts [ ] accord little weight to a plaintiff's choice of forum where the facts giving rise to the lawsuit have no material relation or significant connection to the plaintiff's chosen forum." *Emp'rs Mut. Cas. Co.*, 618 F.3d at 1168 (internal quotations and citation omitted).

Having carefully reviewed the parties' submissions, the Court finds that defendant has satisfied its burden of establishing that the existing forum, the Western District of Oklahoma, is inconvenient. First, while the Court acknowledges the underlying conduct that led to plaintiff's termination and his Whistleblower Claim occurred in the Western District of Oklahoma, the location of the investigative hearings, the ultimate decision to terminate, and plaintiff's filing of his Whistleblower Claim all occurred in Texas, and, further, the fact that both plaintiff's residence and defendant's principal place of business are in Texas all reduce the value of plaintiff's choice of forum. Second, while Sergas and Atkins reside in the Western District of Oklahoma, they are employees of defendant, and if required to be witnesses in this matter, it would be defendant's responsibility to see to it that they were accessible no matter the venue in which plaintiff's Whistleblower Claim is litigated, and the fact that defendant's labor relations, human resources, law, and operations departments (departments that could have potentially been involved in the decision to terminate plaintiff and have the necessary proof to establish that decision) are all located in Texas weigh in favor of transferring this action to the Northern

District of Texas. Lastly, the Court finds that questions as to the enforceability of a judgment if one is obtained, relative advantages and obstacles to a fair trial, difficulties that may arise from congested dockets, the possibility of the existence of questions arising in the area of conflict of laws, and the advantage of having a local court determine questions of local law, do not weigh in favor of or against transferring this action. Therefore, the Court finds that this action should be transferred to the Northern District of Texas.

IV.     Conclusion

Accordingly, for the reasons set forth above, the Court DENIES the Special Appearance and Motion of Defendant BNSF Railway Company to Dismiss for Lack of Personal Jurisdiction [docket no. 10], GRANTS the Special Appearance and Motion of Defendant BNSF Railway Company to Transfer Venue [docket no. 11] and TRANSFERS this action to the Northern District of Texas.

**IT IS SO ORDERED this 6th day of June, 2016.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE